Whitaker, Judge,
delivered the opinion of tlie court:
Plaintiff, a motor common carrier, sues for money it claims is due it for the carriage of Government freight which has been withheld by defendant because of damage to a prior shipment of aircraft parts while in transit aboard one of plaintiff’s trailers. Plaintiff concedes liability for a portion of the damages, but denies liability as to the rest, contending that the manner in which Government personnel handled the shipment after unloading caused additional damage for which plaintiff is not liable.
The Trial Commissioner was directed to make findings of fact and to recommend legal conclusions, in the light of the findings of fact, under Rule 45 (a) of the Rules of this court.
Pursuant to such reference, the Commissioner has submitted his findings of fact and conclusions of law.
The court, after having considered the evidence, and the briefs and argument of counsel, agrees with the result arrived at by the Commissioner, and adopts the findings and opinion of Trial Commissioner Saul R. Gamer, as hereinafter set forth, except for so much of the findings and opinion wherein it is stated that all 162 cartons of the aircraft parts were in Trailer V534 at the time of the accident.
*3 It is true, as found by the Commissioner, that the road manifest prepared by plaintiff showed the entire 162 cartons as being on the trailer; however, plaintiff’s general claims agent and his assistant, who were present and counted the cartons at the scene of the accident, testified that there were only 136 cartons actually in the trailer at the time it was overturned into the drainage ditch, and that the remaining 26 arrived at plaintiff’s home office in Memphis, Tennessee, on another vehicle. Although this testimony is somewhat contradictory of what is shown by the road manifest, we think it is not sufficiently discredited thereby to warrant its complete rejection. The road manifest is, of course, presumed to be accurate; however, that presumption is rebutted by the oral testimony. It is entirely possible that plaintiff’s agent, in preparing the road manifest at the time the shipment was accepted in Chicago, entered on the road manifest the entire amount of the shipment consisting of 162 cartons, but when it was subsequently discovered that weight restrictions and limited space prevented the loading of the entire 162 cartons on Trailer V534-, he failed to note that 26 of them were to be transported as a “follow lot” shipment in another trailer.
However, regardless of how many cartons were in the trailer at the time of the accident, we nevertheless must agree with the Commissioner that plaintiff cannot recover.
After the accident, the wet cartons were loaded on one trailer, and the supposedly dry cartons on another, and all of them were brought back to Memphis. There all 162 cartons — the 26 in the “follow lot” shipment having arrived in the meantime — were loaded on one trailer and sent on to Brookley Air Force B ase. When the shipment arrived there, the evidence shows it was in a “very wet” condition, which fact was acknowledged by one of plaintiff’s agents as evidenced by his signature on the back of the freight bill. The defendant’s agent noted on the freight bill:
This shipment was received at Brookley AFB in a very wet condition. Subject to inspection for damage.
A. J. Taylor 2/14/56
*4 This was followed by this notation of plaintiff’s agent:
Carrier agent acknowledges above discrepancy.
C. H. Dixon
This, we think, is sufficient to establish a prima facie case that the damage was caused by plaintiff and, hence, the burden is upon it to show that its common law duty for the protection of the cargo was discharged. Johnson Motor Transport v. United States, 137 Ct. Cl. 892. This, plaintiff has not shown.
Contrary to what plaintiff’s claims agent testified was considered to be good practice, it placed both dry cartons and wet cartons in the same trailer for shipment from Memphis to Brookley Air Force Base, separated by cardboard partitions, which, admittedly, were not water-proof, and all but 12 of the cartons upon arrival at Brookley were either wet or showed some evidence of having been in contact with water. From all this it can be reasonably inferred that additional water damage, including damage to some of the 26 cartons not involved in the accident, occurred while enroute from Memphis to Brookley.
In all other respects we agree with the Trial Commissioner and adopt his findings and opinion as printed below.
Plaintiff is not, therefore, entitled to recover and its petition will be dismissed.
It is so ordered.
Dureee, Judge; Madden, Judge; and Jones, Chief Judge, concur.